Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
**DONIGER/BURROUGHS**
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILINA AMERICA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>POSTECH FASHION, INC., a Delaware corporation, d/b/a CHICME; and DOES 1-10,<br><br>Defendants, | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**Jury Trial Demanded** |

Plaintiff, KILINA AMERICA, INC. ("Kilina"), by and through its undersigned attorneys, complains and alleges against Defendants as follows:

## NATURE OF ACTION

1.     Plaintiff seeks injunctive relief and damages stemming from the below defendants' acts of copyright infringement in violation of the laws of the United States of America.

## JURISDICTION AND VENUE

2.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

3.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

4.     The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

5.     Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Venue and personal jurisdiction may also be appropriate under Fed. R. Civ. P. 4(k)(2).

## PARTIES

6.     Plaintiff Kilina is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

7.     Plaintiff is informed and believes and thereon alleges that POSTECH FASHION, INC d/b/a CHICME ("ChicMe") is a Delaware corporation with a corporate office at 1226 N King St # 160, Wilmington, DE 19801-3232, doing business in and with the State of California and this District. ChicMe owns, operates, and/or controls the commercial website https://www.chicme.com/ and its related/affiliated websites, subdomains, and mobile applications, identified as such on ChicMe's Terms and Conditions notice page. https://www.chicme.com/policy/terms-conditions-notice.

8.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged

herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

10.     Plaintiff did not know or have reason to know of any of Defendants' infringing conduct prior to three years before the filing of this Complaint.

## CLAIMS RELATED TO DESIGN MK-3105-T

11.     Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design the name MK-3105-T (hereinafter "Subject Design.") This artwork was a creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

12.     Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

13.     Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

14.     Following this distribution of products bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel

industries had misappropriated the Subject Design and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design.

15.     Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Design, Defendants, including certain DOE Defendants, created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments incorporating fabric that bears artwork identical to or substantially similar to the Subject Design ("Infringing Product"). The Infringing Product includes garments designated SKU: LZR11236-ichic-le, which were available at the URL https://www.chicme.com/product/High-Waist-Cheetah-Print-Bootcut-Pants-Leopard-L-by-chicme/d7c6d1bd-7589-4bd2-8ff5-c9f99bef4432.html?utm_sku=LZR11236-le-L-ichic&country=US&utm_locale=en_US&utm_language=en&utm_source=google&utm_medium=60487767523&utm_campaign=yangweihua?gclid=EAIaIQobChMIq8WNsc_P_wIVDvXICh17NQuuEAQYASABEgJz5fD_BwE.

16.     A comparison of the Subject Design (left) and non-exclusive exemplars of the Subject Products (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar:

/ / /

/ / /

/ / /

| Subject Design | Subject Product Exemplars |
|---|---|
| **MK-3105-T** | **High Waist Cheetah Print Bootcut Pants (SKU: LZR11236-ichic-le)** |
|  | Design<br><br><br>Garment<br> |

17. The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the design on Subject Product is substantially similar to the Subject Design.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

19. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

21. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through retail stores and on-line websites.

23. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

24. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

27. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

28. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

30. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

31. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

COMPLAINT

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: July 11, 2023                    Respectfully submitted,

By: _____
Trevor W. Barrett, Esq.
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*